**LAW OFFICES OF JAMES F. HOLTZ**
*A Professional Corporation*
James F. Holtz (SBN 95064)
james.holtz@holtzapc.com
Natalie C. Holtz (SBN 334221)
natalie.holtz@holtzapc.com
16935 West Bernardo Drive, Suite 170
San Diego, California  92127
Telephone: (619) 881-1246
Facsimile: (619) 924-5199

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLY MURILLO HOGGE,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORP.;<br>DOES 1 TO 50, inclusive,<br><br>        Defendants. | Case No.: 5:21-cv-01268-MCS-KKx<br>District Judge: Mark C. Scarsi<br>Magistrate Judge: Kenly Kiya Kato<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[NOTE CHANGES BY COURT]** |

I.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in section 11.13 below, that this Stipulated Protective Order

1
**STIPULATED PROTECTIVE ORDER**

does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The purpose of this Order is to allow the parties to have reasonable access to information while protecting confidential information from public disclosure. The parties agree that speedy discovery will be facilitated by the entry of this Order and accordingly stipulate to and petition the Court to enter this proposed Order.

II.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

///

III.   DEFINITIONS

3.1 As used herein, the term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that a party reasonably and justifiably believes to constitute or contain confidential information, proprietary business information, unpublished financial data, or other information of a particularly personal or sensitive nature generally recognized as confidential or private.

3.2   The term "counsel" shall mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of LAW OFFICES OF JACOB EMRANI and the LAW OFFICES OF JAMES. F. HOLTZ, A PROFESSIONAL CORPORATION.

3.3   "Designating Party" shall mean a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.4   "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

IV.   SCOPE

4.1   The protections conferred by this Stipulation and Order cover not only Confidential Information (as defined above), but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

4.2   Any use of Confidential Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Information at trial.

/ / /

V. DURATION

5.1 Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.2 Any use of Confidential Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Information at trial.

VI. DESIGNATING CONFIDENTIAL INFORMATION

6.1 Manner and Timing of Designations

a. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Confidential Information that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b. Whenever a party or third party to this action provides to any party to this action material which that party or third party believes contains, constitutes, or discloses Confidential Information, and should be subject to this Protective Order, such producing party or third party shall mark each page containing Confidential Information (and only those pages) with a legend substantially as follows: "CONFIDENTIAL." In the case of Confidential Information in a non-paper medium (e.g., videotape, computer disc, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container to give clear notice of the designation.

c. When material disclosed during a deposition is designated as Confidential Information at the time testimony is given, the reporter shall mark the face of the transcript with "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or substantially similar

language. When material disclosed during a deposition is designated as Confidential Information at the time testimony is given, the reporter shall mark the face of the transcript with "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or substantially similar language.

        d.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

            i.    That deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible; however, failure of counsel to designate testimony or exhibits as confidential on the deposition record shall not constitute a waiver of the confidentiality of the testimony or exhibits, provided that within ten (10) calendar days following the completion and delivery of the deposition transcript to such counsel, counsel shall designate in writing specific portions of the deposition transcript or exhibits as Confidential Information "CONFIDENTIAL;" and

            ii.    The disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 3.2, above.

        6.2    <u>Inadvertent Failures to Designate</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive a party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order,

the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as confidential, once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   Timing of Challenges

a. Any party may challenge a designation of information as confidential at a time that is consistent with this Court's scheduling order of September 8, 2021.

7.2   Meet and Confer

a. Before any motion is brought challenging a party's designation of material as Confidential Information, seeking to retain confidentiality, or seeking to modify or amend the proposed protective order, the parties must adhere to Local Rules 37-1 and 37-2 regarding the pre-filing conference of counsel and submission of a joint stipulation.

~~If the dispute cannot be resolved, the party objecting to the designation of any information as Confidential Information may seek appropriate relief from the Court in compliance with Local Rule 79-5, with confidential documents submitted with an application to file them under seal (see ¶ 11.13), and the party designating information as Confidential Information shall have the burden of proving by a preponderance of the evidence that such designation was proper.~~ However, all parties and persons bound by this Order shall continue to treat the disputed material as Confidential Information until the issue is resolved by the Court. If a party's request to file Confidential Information under seal is denied by the Court, then the Receiving Party may file the information in

the public record unless otherwise instructed by the Court.

VIII.   ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

8.1   A Receiving Party may use Confidential Information that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order.  When the action has been terminated, a Receiving Party must comply with the provisions of Section XII below.

8.2   Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.3   For purposes of the preparation, trial, and appeal of this action, and subject to this Order, a party may disclose another party's or third party's Confidential Information marked "CONFIDENTIAL" only to the following "Qualified Persons":

a.   The Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

b.   The officers, directors, and employees (including Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

c.   Experts of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Agreement to Be Bound" (Exhibit A);

d.   The Court and its personnel;

e.   Court reporters and their staff;

f.   Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this action and who have signed the "Agreement to be Bound" attached as Exhibit A hereto;

g.   The author or recipient of a document containing the information or

7
**STIPULATED PROTECTIVE ORDER**

a custodian or other person who otherwise possessed or knew the information;

  h. During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

 8.4 All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth herein and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

 8.5 With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

 8.6 All information which has been designated as "CONFIDENTIAL," by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3.2 above, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

 IX. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Agreement to be Bound" that is attached hereto as Exhibit "A."

X. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE CONFIDENTIAL INFORMATION</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

XI. <u>MISCELLANEOUS</u>

11.1  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Nothing in this Order shall constitute an acknowledgment by any party that any particular document or information designated as Confidential Information under

the provisions herein in fact constitutes legally protected proprietary information, confidential business information, and/or private information. Neither the fact of the requested designation nor the failure of any other party to object to the designation shall be interpreted or may be cited as creating any presumption or proof of the documents or information as legally protected, confidential, or otherwise protected in any way.

11.4 No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

11.5 Nothing in this Order shall restrict a party to this litigation from sharing with other persons any documents or information not obtained through discovery in this action.

11.6 This Order is without prejudice to any rights to object to the production of documents or information on any basis, to apply to the Court for a further protective order, to object to any discovery request, or to apply to the Court for an order compelling further discovery.

11.7 Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

11.8 Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

11.9 This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

11.10 The restrictions and obligations set forth herein shall not apply to any

information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established.

  11.11 This Order, upon entry by the Court, shall bind the parties represented by the undersigned counsel, and the parties' agents, officers, directors, employees, and representatives.

  11.12 The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

  11.13  This Order does not entitle the parties to file Confidential Information under seal.  A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.2. If a party's request to file Confidential Information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

XII. <u>FINAL DISPOSITION</u>

  12.1 Upon final termination of this action, including any and all appeals and absent any further stipulation or Court order, counsel for each party shall, within sixty (60) days of a written request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or

incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.

12.2 Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

12.3. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

13. <u>CONFIDENTIAL INFORMATION SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

13.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

13.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

    13.3 Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful subpoena or directive from another court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 11, 2022        LAW OFFICES OF JACOB EMRANI

                                        By: /s/ Karina Padua
                                              Karina Padua
                                              karina@calliacob.com
                                              Attorneys for Plaintiff
                                              NELLY MURILLO HOGGE

Dated: January 11, 2022        LAW OFFICES OF JAMES F. HOLTZ
                                              *A Professional Corporation*
                                              By: /s/ James F. Holtz
                                              James F. Holtz
                                              james.holtz@holtzapc.com
                                              Natalie C. Holtz
                                              natalie.holtz@holtzapc.com
                                              Attorneys for Defendant
                                              COSTCO WHOLESALE CORPORATION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: January 12, 2022.

                                              Hon. Kenly Kiya Kato
                                              United States Magistrate Judge

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ , declare as follows:

1. My present address is: _____

2. My present occupation or job description is: _____

3. My present employer is: _____

4. I have received a copy of the Protective Order ("Order") entered in *Nelly Murillo Hogge v. Costco Wholesale Corporation*, Case No. 5:21-cv-01268-MCS-KK. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone other than persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any Confidential Information that I receive in this action.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of the Order.

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Executed this _____ day of _____, 20___ in the County of _____, State of _____.