Karina A. Padua, Esq. State Bar No.306303
**LAW OFFICES OF JACOB EMRANI**
**A Professional Corporation**
714 West Olympic Boulevard, Suite 300
Los Angeles, CA 90015
Tel: (213) 748-7734
Fax: (213) 283-3925
arturo@calljacob.com

Attorney for Plaintiff
**NELLY MURILLO HOGGE**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLY MURILLO HOGGE,<br><br>          Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP.;<br>DOES 1 TO 50,<br><br>          Defendants. | CASE NO.: 5:21-cv-01268-MCS-KK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Courtroom: 10D<br>Judge: Hon. Fred W. Slaughter |

    Plaintiff NELLY MURILLO HOGGE ("Plaintiff") hereby submits this opposition to Defendant's Motion for Judgment as a Matter of Law in that the evidence presented during trial shows a reasonably jury may find Defendant COSTCO WHOLESALE CORPORATION ("Defendant") negligently maintained its premises on June 11, 2019, and Defendant is responsible for Plaintiff's injury and damages.

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

## I.     INTRODUCTION:

During the trial, Plaintiff testified that she entered the Costco store in Temecula around 9:00 a.m. on Tuesday, June 11, 2019.  At the time, the Plaintiff was with her mother, father, husband, and daughter. Plaintiff testified that she spent 15 minutes shopping for clothes for her daughter in the clothing department, she spent approximately 15 minutes walking down the aisles on her way to the meat department, and she spent approximately 15 minutes shopping for meat in the meat department with her family.  Later, Plaintiff entered the produce cooler with her husband, and she grabbed blueberries and strawberries.  Thereafter, Plaintiff was re-arranging the items in her shopping cart for approximately 15 minutes.  Ms. Murillo Hogge testified that she entered the produce cooler for a second time when she slipped and fell and broke her kneecap.  The evidence shows that the floor of the produce cooler was wet and had blueberries scattered all over the floor at the time of the incident.

Plaintiff's mother Judith Murillo testified that she entered the store with her family, and she spent approximately 15 minutes shopping for dresses for her granddaughter in the clothing department.  Ms. Murillo also testified that she was shopping at Costco with her family for approximately 45 minutes before her daughter entered the produce cooler.

Plaintiff's husband William David Hogge testified that they were shopping for at least 45 minutes before he entered the produce cooler with his wife on the day of the incident.  Plaintiff's father Jose Murillo testified that he was shopping at Costco for at least 30 minutes before his daughter's incident.

Defendant's employee Esteban Rodriguez testified in his deposition that this Costco store opens early at 9:00 a.m. on Tuesdays and Thursdays.  Defendant's employee Andrea Roufs testified in her deposition that she works in members services, and she was a floorwalker for Costco on the day of the incident.  Ms. Roufs testified her duties included working in the entrance of the store checking for members' memberships, working in the exit door checking for members' receipts, and conducting floor walks.  Ms. Roufs testified in

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

her deposition she started work at 10:00 a.m. or 9:00 a.m. Ms. Roufs' deposition testimony is consistent with Mr. Rodriguez's testimony that the store opened at 9:00 a.m. Tuesday and Thursdays, and the testimonies of Plaintiff and her family.

The evidence shows Costco failed to conduct a floor walk from 9:00 a.m. to 10:05 a.m. on the day of the incident, this Costco store received 5,000 to 6,000 members daily, this was one of Costco's busiest stores, and Defendant's employees often found trash and spills on the floor. Ms. Roufs testified that members often drop items on the floor, and Mr. Darvey testified incidents are common in this store.

The evidence shows that Mr. Darvey violated Defendant's policy when he failed to prepare an incident report on the day of the incident and failed to preserve the video surveillance footage for the day of the incident. The evidence shows Mr. Darvey knew the Plaintiff's injury was severe and Plaintiff's husband had hired a lawyer because of the subject incident. Furthermore, Mr. Darvey had 30 days to consider preserving the video surveillance footage for the day of the incident, and Mr. Darvey deliberately failed to preserve the video surveillance footage allowing the video to be erased.

The evidence shows the video surveillance footage would have shown the time the Plaintiff entered the store, the Plaintiff shopping in the clothing department with her family, and the Plaintiff walking down the main aisle of Costco.

Mr. Darvey testified in his deposition on January 18, 2022, that he did not try to review the video footage for the day of the incident. On March 8, 2022, Mr. Darvey changed his testimony and testified that he reviewed the video surveillance footage after the incident. During the trial, Mr. Darvey testified that he reviewed the video surveillance footage after the incident, but he did not find anything relevant in the video.

The evidence clearly shows Costco deliberately failed to preserve the video surveillance footage in violation of Costco's policy, because such evidence would have revealed that the store opened at 9:00 a.m. and Defendant negligently failed to maintain the premises in a reasonably safe manner from 9:00 a.m. to

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

10:05 a.m., allowing water and blueberries on the floor of the produce cooler causing Plaintiff's slip and fall.

II.   **LEGAL ARGUMENT:**

The elements of a negligence claim and premises liability claim area the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury.  Premises liability is a form of negligence based on the holding in Rowland v. Christian (1968) 69 Cal, 2d 108. The owner of the premises is under the duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm. A failure to fulfill this duty is negligence. Brooks v. Eugene Burger Management Corp. (1989) 215 Cal. App. 3d 1611.  Where the proprietor of a store who knows of, or by the exercise of reasonable care could discover, an artificial condition upon his premises which he should foresee exposes his business visitors to an unreasonable risk, and who has no basis for believing that they will discover the condition or realize the risk involved, is under a duty to exercise ordinary care either to make the condition reasonably safe for their use or to give a warning adequate to enable them to avoid the harm. Williams v. Carl Karcher Enters,m Inc. (1986) 182 Cal.App.3d479,488 [227 Cal.Rptr.465], internal citations omitted.

It is now well established that California law requires landlords to maintain land in their possession and control in a reasonably safe condition.  Ann M. v. Pacific Plaza Shopping Center (1993) 6 Cal.4$^{th}$666,674 [25 Cal.Rptr.2d 137, 863 P.2d 207] internal citations omitted.  To comply with this duty, a person who controls property must inspect the premises or take other proper means to ascertain their condition and if a dangerous condition exists that would have been discovered by the exercise of reasonable care, has a duty to give adequate warning of or remedy it.  Staats v. Vintner's Golf Club, LLC (2018) 25 Cal.App.5$^{th}$836, 833 [236 Cal. Rptr.3d 236].

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

The evidence shows the Defendant's subject floor was unsafe at the time of Plaintiff's slip and fall, and Defendant <u>knew or should have known about the subject floor surface's hazardous condition</u> prior to Plaintiffs' slip and fall.  The evidence shows Defendant Costco negligently maintained the premises from 9:00 a.m. to 10:05 a.m., because Defendant failed to inspect the floors of the store and discover the dangerous condition in time to prevent Plaintiff's incident.  Thus, a jury may reasonably find that Defendant Costco breached that duty in that Defendant had **<u>notice</u>** of the dangerous condition, and Defendant negligently failed to provide adequate warning of it or remedy the floor to ensure the floor was safe.

### III.     CONCLUSION:

For the forgoing reasons, Defendant's motion should be denied in that a reasonable jury should find Defendant Costco failed to maintain the premises in a reasonably safe manner on the day of the incident resulting in Plaintiff's slip and fall, and a reasonable jury should find Defendant Costco deliberately allowed the video surveillance footage to be erased because the video surveillance footage was unfavorable to Defendant Costco.

Dated: April 17, 2023

**LAW OFFICES OF JACOB EMRANI**
**A Professional Corporation**

BY:      /s/ Karina Padua
KARINA A. PADUA, ESQ.
Attorneys for Plaintiff,
**NELLY MURILLO HOGGE**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**